IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JEFFREY RYAN KELLY                                                                              PLAINTIFF

v.                    Civil No. 3:22-cv-03053-TLB-MEF

MS. NEWBERRY, Clerk,
Carroll County Detention Center (CCDC);
MS. HANCOCK, Clerk, CCDC; and
NURSE MACK, CCDC                                                                            DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff, Jeffrey Ryan Kelly ("Kelly"), is an inmate of the Carroll County Detention Center ("CCDC").  Kelly proceeds *pro se* and *in forma pauperis*.

The case is before the Court for preservice screening of the Complaint (ECF No. 1) under 28 U.S.C. § 1915A.  Pursuant to § 1915A, the Court must screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I.    BACKGROUND

According to the allegations of the Complaint (ECF No. 1), Kelly had $100 deducted from his inmate account.  *Id.* at 4.  When he questioned the Defendants, Ms. Newberry, Ms. Hancock, and Nurse Mack, Kelly indicates he was given the run-a-round.  Ms. Newberry claimed the charges were from medical and to talk to them; medical did nothing, merely telling him to talk to Ms. Hancock.  *Id.* at 5.  Eventually, Kelly was informed the deductions were for prescription medications.  *Id.* at 4.  Kelly maintains he only had two prescription and that the charge was $10 for each.  *Id.*  In sum, Kelly believes the remaining $80 was improperly deducted.

As relief, Kelly seeks an award of compensatory damages.  (ECF No. 1 at 9).  Kelly

1

believes he has been overcharged "on several occasions and it has cost me my commissary, including hygiene, on several occasions." *Id.*

## II.     LEGAL STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.    DISCUSSION

The Due Process Clause of the Fourteenth Amendment provides that "'[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law.'" *Walters v. Wolf*, 660 F.3d 307, 311 (8th Cir. 2011) (quoting U.S. Const. Amend. XIV, § 1).  "Procedural due process imposes constraints on governmental decisions which deprive individuals of liberty or property interests within the meaning of the Due Process Clause of the . . . Fourteenth Amendment." *Matthews v. Eldridge*, 424 U.S. 319, 332 (1976) (internal quotation marks

omitted). "In some circumstances . . . the Court has held that a statutory provision for a postdeprivation hearing, or a common-law tort remedy for erroneous deprivation, satisfies due process." *Zinermon v. Burch*, 494 U.S. 113, 128 (1990). Specifically, when the deprivation is the result of a random and unauthorized act and not pursuant to some established governmental procedure, the Court has held that "adequate postdeprivation remedies satisfy the requirements of due process." *Walters*, 660 F.3d at 312 (citations omitted). "The loss of property . . . is in almost all cases beyond the control of the [government], in most cases it is not only impracticable, but impossible, to provide a meaningful hearing before the deprivation." *Id.*

Kelly claims he has been overcharged by medical on several occasions. The overcharges have kept him from being able to obtain commissary items. Kelly points to no established procedure that resulted in the deprivation. Even if one or more of the Defendants intentionally deprived Kelly of his property, a post-deprivation remedy is all the process Kelly is due. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional deprivation of property does not violate due process when meaningful post-deprivation remedy is available). Arkansas law provides such a post-deprivation remedy through an action for conversion. *See e.g., Elliott v. Hurst*, 817 S.W.2d 877, 880 (Ark. 1991) (cause of action for conversion lies where distinct act of dominion is exerted over property in denial of owner's right). No cognizable claim under § 1983 for deprivation of personal property is stated.

## IV. CONCLUSION

For these reasons, it is recommended that:

(1) the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

(2) Plaintiff is warned that, in the future, this dismissal may be counted as a strike for

purposes of 28 U.S.C. § 1915(g) and thus, the **Clerk** is directed to place a § 1915(g) strike flag on the case for future judicial consideration; and,

(3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 7th day of October 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE